[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S CLAIM OF BIASBY THE CHAIRMAN OF THE BOARD OF EDUCATION
Plaintiff has claimed that the Chairman of the Board of CT Page 2977 Education, Gabriel Moquin, was biased against the plaintiff, that this bias as well as Mr. Moquin's alleged prejudgment of plaintiff's case were the basis for his vote to terminate the plaintiff's employment and that such bias and prejudgment deprived the plaintiff of his rights to due process.
Plaintiff moved to introduce additional evidence concerning these claims. Defendant originally opposed the motion, but then withdrew its opposition. As a result, a hearing was held before the court on January 6, 1995 at which Mr. Moquin testified.
The claim of bias is not based upon any alleged personal dislike of the plaintiff, but is, instead, primarily based upon Mr. Moquin's alleged prejudgment of the plaintiff's suitability to remain a teacher in Stafford in light of his arrest on May 29, 1991 for, among other things, possession of cocaine, his subsequent admission in court on August 29, 1991 of possession and use of cocaine and the negative reaction to this expressed to Mr. Moquin by citizens of Stafford.
The principal case that governs the law in Connecticut on this issue is Clisham v. Board of Police Commissioners, 223 Conn. 354,362 (1992), in which the court stated: "In order to prove bias as a ground for disqualification, the plaintiff must show more than an adjudicator's `announced previous position about law or policy. .' . . . He must make a showing that the adjudicator has prejudgedadjudicative facts that are in dispute." Emphasis added.
The stimulus to the request for the January 6, 1995 hearing before the court was an article in The Journal Inquirer on August 31, 1991, two days following the August 29, 1991 court hearing at which the plaintiff was granted accelerated rehabilitation and made the aforementioned admission. In that article, Mr. Moquin was quoted as follows:
 "I do not think he should be allowed to continue in the Stafford school system, and that's my personal opinion."
 "I suppose it could work both ways. I would hope there is a learning experience here for Mr. Burns and he can channel his energies appropriately." "But most people I talked to were very disappointed in Tom Burns, especially in his capacity as a guidance counselor and athletic coach who was largely admired by many of his high school students." CT Page 2978
Mr. Moquin admitted in the court hearing of January 6, 1995 that these quotes are accurate. At the January 6, 1995 hearing Mr. Moquin testified that when he talked to the reporter from the Journal Inquirer he understood that the plaintiff had admitted to just the use of cocaine. T.T. pgs. 34-5. He further testified that he didn't know at that time whether the plaintiff had admitted the charge of possession of cocaine with intent to sell. T.T. pg. 37. Although Mr. Moquin stated, T.T. pg. 22, that he believed the charge of intent to sell was a legitimate charge when it was dropped, he stated, a few answers later, T.T. pg. 23, that he wasn't sure whether or not that was a valid charge. Based upon this and other testimony at the hearing of January 6, 1995, the court finds that Mr. Moquin's opinion was based upon his understanding that the plaintiff had admitted to just the use of cocaine, that Mr. Moquin didn't know whether the charge of possession with intent to sell was valid and that there is not sufficient evidence that said charge of possession with intent was a basis for Mr. Moquin's opinion. The admission of and/orpossession of cocaine is not an adjudicative fact that was in dispute.
Mr. Moquin testified that several people talked to him prior to August 30, 1991 and expressed disappointment with the plaintiff concerning his arrest, the charges, plaintiff's position in the school system etc. This has never been disputed or contradicted, and the Hearing Panel in fact found that some students, parents, faculty and administrators were disappointed with the plaintiff and did not want him to return to his employment at the school. See findings of Hearing Panel dated June 17, 1993, findings 47 through 57, plaintiff's Exhibit G. That several people had talked to Mr. Moquin and expressed disappointment with the plaintiff as described above is not an adjudicative fact that was in dispute.
As for other claims of bias or prejudgment, the court believes the testimony of Mr. Moquin that his vote was based upon his review of the aforementioned report of the Hearing Panel, plaintiff's Exhibit G; and that he always understood that his decision (vote) would be based upon the results of the hearing and the due process to which the plaintiff was entitled. Taking Mr. Moquin's testimony as a whole, he was clearly open to consider all mitigating circumstances in this case. The court also believes that Mr. Moquin refrained from making comments on the plaintiff's conduct until the plaintiff admitted in court to the use of cocaine; i.e. between the date of the arrest, May 29, 1991 and the court hearing CT Page 2979 of August 29, 1991.
The plaintiff has not met the requirements of Clisham v. Boardof Police Commissioners, supra.
The court found Mr. Moquin, based upon his demeanor, his reaction to questions and his answers on the witness stand on January 6, 1995 to be an honest, reliable and credible witness. His lack of specific recall of some events in 1991 is certainly understandable three and a half years later. It does seem strange that he could not recall on January 6, 1995 that there were two votes/meetings of the defendant on July 6, 1993 since it was only a year and a half earlier than his testimony. However, that lack of memory is not sufficient to alter the court's opinion of Mr. Moquin as a witness. Mr. Moquin is not a professional witness, he was somewhat nervous and was clearly trying to be accurate in his testimony and careful not to say something of which he wasn't sure.
The court believes that Mr. Moquin is a typical, honest, citizen volunteer who was trying to do the best he could for his community.
Accordingly, the court finds, based upon the totality of the evidence, that Mr. Moquin was not biased against the plaintiff and did not prejudge plaintiff's case that was before the Board of Education. His participation in deliberations and his vote(s) on the issue of plaintiff's termination, therefore, did not violate plaintiff's rights to due process.
Rittenband, J. CT Page 2980